(No. 26578.—

CHARLES W. FLEMING, Exr., *et al.* Appellees, *vs.* CLARK YEAZEL *et al.* Appellants.

*Opinion filed March 17, 1942.*

V. W. McINTIRE, for appellants.

W. T. HENDERSON, and FRANCIS G. REARICK, guardian *ad litem,* for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This case arose on a petition of the executor of the estate of Ellen Yeazel, deceased, for directions as to manner of making distribution. By the will, the executor, after payment of debts, was directed to reduce all the estate to cash and divide it equally among nine legatees, naming them, two of whom are appellants Clark Yeazel and Jesse

Hight. Each of the latter was indebted to the testatrix at the time of her death. The executor's petition sought authority to charge these debts against the legacies of appellants Yeazel and Hight. Objection was made on the ground that the notes given to represent the debts were "outlawed." The petition was allowed by the probate court and on appeal to the circuit court of Vermilion county it was denied. On further appeal to the Appellate Court for the Third District, the decree of the circuit court was reversed and the order and judgment of the probate court were upheld. The cause is here on certificate of importance.

There is no dispute as to the facts. Appellant Yeazel, on June 2, 1924, executed and delivered to the testatrix, his note in the sum of $1186, bearing interest at the rate of five per cent per annum, due three years after date. The only payment made on the note was $118, made on June 2, 1926, as interest. Hight was likewise indebted to the testatrix on a note for $200, dated July 23, 1926, bearing interest at the rate of five per cent per annum, due one year after date. No payments of any kind were ever made on that note. The petition of the executor sought authority to deduct from the share of the appellants the amount of their notes and interest.

The question whether "outlawed" debts due an estate from a beneficiary can be set off against the interest of that beneficiary has never been directly passed upon by this court. In *Jeffers* v. *Jeffers*, 139 Ill. 368, such a debt was sought to be set off against the interest of a party in a partition proceeding but it was held that while an executor might deduct a debt due against the estate from a legatee, even though outlawed, such could not be done in a partition proceeding. The question here was not before the court and therefore the case does not amount to a decision of that particular question.

Counsel on either side have cited numerous cases from other jurisdictions in support of their contentions. It is

evident that those cases are in conflict on the question. In the early case of *Newland* v. *Marsh,* 19 Ill. 376, this court was considering the constitutionality of a limitation law. There the argument was made that a limitation law based on possession and seven years' payment of taxes was invalid because the General Assembly had no power to take property from a citizen. The question there concerned the validity of the statute to quiet possession and confirm titles to lands. The Limitations act was sustained on the gound that the theory of limitation laws is that they affect the remedy limiting the period within which rights may be asserted or remedies resorted to may be enforced. In other words, they bar the right to sue to recover but do not extinguish the debt or the property right. It was there held that upon no other ground can statutes of limitation be sustained, and even though the second section of the Limitations act there considered purported to confer title, only by treating it as a limitation of the remedy rather than as a positive right could it be sustained.

In the early case of *Keener* v. *Crull,* 19 Ill. 189, it was held that the Statute of Limitations controls the remedy for recovery of the debt, but the debt remains the same as before, excepting that the remedy for enforcement is gone. It was also held that the debt, constituting as it does an unquestioned moral obligation, is a good consideration to support a promise to perform the obligation, and a new promise based upon that moral obligation is binding on the debtor in avoidance of the bar of the statute. These cases have never been overruled, and we find no disagreement in the authorities in this State as to the nature of the effect of statutes of limitation. Statutes of limitation in this State are statutes of repose. Section 16 of the Limitations act (Ill. Rev. Stat. 1941, chap. 83, par. 17) states that actions on bonds, promissory notes and the like, shall be commenced within ten years after the cause of action accrued. It will be noted that it applies entirely to the remedy

and nothing therein indicates that it was the legislative intention that the debt should be extinguished, and in fact under the reasoning of *Newland* v. *Marsh, supra,* to hold that the debt was extinguished would be to render the Limitations act void.

Counsel for appellants argue that as nothing was said in the will of the testatrix regarding the payment of these notes, it cannot be said that it was her intention to have them taken from the interest of the appellants. The facts are, however, that she caused the appellants to issue notes representing their indebtedness, thus evidencing an expectation that the obligations would be repaid; and the fact that she gave appellants an equal share with the other seven distributees, at least six of whom were in equal degree of relationship to the testatrix, is also an indication that it was within her contemplation that appellants pay their notes. The will was executed on October 27, 1927. At that time these notes were but a few months past due and it can scarcely be said that failure to make reference to them in the will is to be taken as evidence that the testatrix did not intend that they should be paid.

Counsel argue that had the testatrix been alive she could not recover on the notes if appellants chose to affirmatively plead the Statute of Limitations, and this is true. However, should that situation have arisen, the testatrix would have had an opportunity to correct it by the terms of her will.

The right of an executor to deduct such an indebtedness is based upon the equitable principle that no one should be permitted to share in a fund until he has discharged his obligation to contribute to that fund. Here appellants already have funds of the estate in their hands in the form of indebtedness owed to it. To allow them to escape payment of their debt and at the same time receive a full distributive share of the estate, would serve to increase

their share by the amount of their indebtedness. There is nothing to indicate that the testatrix intended such a result. On the contrary, her will evidences an intention to equally divide her estate.

As stated, the authorities in other jurisdictions are not in agreement, but without citing and analyzing cases on both sides of the question, we are of the opinion that the weight of authority, better reasoning and more equitable solution of the problem lies in the view indicated in *Jeffers* v. *Jeffers, supra,* and that the executor has the right to deduct debts of legatees though suit for same be barred by the Statute of Limitations.

We are of the opinion that in this case it was and is the duty of the executor to inventory these notes as a part of the estate and from one-ninth of the total estate, which was the share of each of appellants, to deduct the amount of his debt. The Appellate Court was right in the conclusion reached and its judgment is affirmed.

*Judgment affirmed.*