Edgar J. Herbolsheimer, Appellant, v. Albert J. Herbolsheimer, Appellee, and H. Frank Herbolsheimer, Appellant.

Gen. No. 9,911.

October term, 1943. Heard in this court at the October term, 1943. Opinion filed January 26, 1944.

PAUL D. PERONA, of Spring Valley, for certain appellant.

JOHN J. MASSIEON and FRANCIS T. DUNCAN, both of Peru, and JOHN G. ARMSTRONG, of Ottawa, for certain other appellant.

R. L. RUSSELL, of Princeton, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On December 18, 1941, Edgar Herbolsheimer filed a suit in the circuit court of Bureau county seeking the partition of certain lands that he and his brothers, Albert J. Herbolsheimer and H. Frank Herbolsheimer owned as tenants in common. One tract of land the brothers had inherited from their father and mother, and the other tract they had purchased as tenants in common. The partition suit is in regular form and no question is raised in regard to the pleadings. Albert J. Herbolsheimer filed his answer and admitted most of the facts, as set forth in the petition, but denied that it was necessary to file a partition suit, as the land could be divided equitably between the three brothers. He claims that all the debts of his father and mother had not been fully paid. He also alleges in his answer that there were rents, issues and profits from the farms, which had not been accounted for, or distributed among the heirs and asked that an accounting be taken and the proper distribution made of the same.

The other brother, H. Frank Herbolsheimer, filed his answer and admitted all the material facts alleged in the complaint relative to the partition suit, but alleged that there was money due him from the mother's estate to the amount of $840, which he claims was two years' rent that he paid to his mother during her lifetime, and after the mother's death he again paid this amount to his brothers on their demand, and asked to have an accounting taken in this matter, and

the same allowed as a claim against the proceeds of the sale of the land. He also charged that the plaintiff and Albert J. Herbolsheimer had received large sums of moneys as rents from the premises and had not accounted for it and asked that an accounting be taken in regard to those items and that he be given his proportionate share of said rents. H. Frank Herbolsheimer denies that all the debts of the said widow, Margaret Herbolsheimer, have been paid. He alleges and states the fact to be that his claim against the estate of John H. Herbolsheimer and Margaret Herbolsheimer for certain moneys, etc., have not been paid; that certain notes of Albert J. Herbolsheimer, payable to the mother, have not been paid.

H. Frank Herbolsheimer also filed a counterclaim in which he set forth numerous items he claims should be allowed to him for money expended, and for work and labor performed on the farms, which are the subject matter of the partition suit. The plaintiff and Albert J. Herbolsheimer each filed separate replies to the answer and counterclaim of said H. Frank Herbolsheimer. They deny that H. Frank Herbolsheimer is entitled to anything from the mother's estate, and specifically deny the $840 item which is claimed to be an overpayment of rent. By agreement, the property was sold. The matter of accounting being reserved for the further consideration of the court.

One tract of land sold for $14,135.36; another tract for $22,723.00, making a total of $36,858.36. By agreement, the accounting was taken before the trial court and the following stipulation was entered into before the evidence was taken.

### STIPULATION:

It is stipulated by and between all parties interested in these proceedings, all being personally present in open court, as well as being represented by their respective attorneys, that for the purpose of making a full and complete adjustment of the matters and

things pertaining to any differences between the parties hereto in connection not only with the rents involved in the matter of the real estate herein, but also of the matters which pertain to moneys received or expended on behalf of John B. Herbolsheimer or Margaret Herbolsheimer, father and mother of the parties hereto, that the court will for such purpose take jurisdiction, hear evidence and decide the following points:

"1. The matter of the double rent payment as alleged to have been made by H. Frank Herbolsheimer.

2. The matter of the distribution and settlement of certain Donovan trust deed notes.

3. The matter of the allowance or disallowance of about $120.00 to H. Frank Herbolsheimer for personal services alleged to have been performed by him.

4. The matter of certain notes signed by Albert J. Herbolsheimer to Margaret Herbolsheimer.

5. The matter of the allowance or disallowance of a certain alleged claim for services made by Albert J. Herbolsheimer.

6. The matter of the allowance or disallowance of two doctor's bills, one to Dr. Utts and one to Dr. Cooper.

7. The matter of the allowance of about $153.00 each to Frank Herbolsheimer and Edgar Herbolsheimer by Albert J. Herbolsheimer as a balance due on a certain settlement made."

Evidence was heard to sustain the different contentions of the claimants, and the court found that H. Frank Herbolsheimer was not entitled to the $840, which he claimed was double rent; that Albert J. Herbolsheimer's claim for $936 was not a proper claim against the widow, Margaret Herbolsheimer, and the same was disallowed; that the notes executed by Albert J. Herbolsheimer to his mother, are not a valid claim against him and were disallowed; that there was a balance due to Edgar J. Herbolsheimer and H.

Frank Herbolsheimer of $153 from Albert J. Herbolsheimer in the settlement of the mother's estate, and should be paid to Edgar J. Herbolsheimer and H. Frank Herbolsheimer out of Albert J. Herbolsheimer's distributive share of her estate.

H. Frank Herbolsheimer filed an appeal claiming the court erred in not allowing his claim of $840, and also for not holding that the notes signed by Albert J. Herbolsheimer were a valid claim against Albert J. Herbolsheimer's share of the estate, and that judgment should have been entered against him for the amounts of the notes and interest. Edgar J. Herbolsheimer has joined with his brother, H. Frank Herbolsheimer, in the appeal relative to the notes signed by Albert J. Herbolsheimer.

Albert J. Herbolsheimer has filed a cross-appeal alleging that the court erred in not allowing his expense account from Minneapolis, Minnesota, to Bureau county, Illinois.

The evidence discloses that on October 19, 1931, the father of the parties to this suit died, leaving three children and a widow; that there was no administration had upon his estate, and shortly after his death, the mother and children entered into an agreement whereby the mother was to retain possession of the farm. She did so, and continued living there until her death, which occurred on July 4, 1939. There was no administration of her estate. During the pendency of this suit it was agreed among the parties that the court should take jurisdiction in regard to the subject matter of the suit, and hear evidence and adjust the differences between the three brothers. All of the parties were before the court. Each told his version relative to the respective claims. The chancellor not only heard the witnesses testify, but observed their manner and demeanor, relative to the subject matter of the suit, and toward each other.

Relative to the claim of H. Frank Herbolsheimer against the two brothers and the overpaid rent, we

think the court ruled properly that it was not a proper claim against his mother's estate.

In regard to Albert J. Herbolsheimer's claim, it seems strange that he would let this account run from year to year when he had the money on hand so he could reimburse himself if he saw fit to do so, and still made no claim for it until the time of the accounting. We think the court properly held that this was not a proper claim against the estate.

The notes in question signed by Albert J. Herbolsheimer were found by the brother, H. Frank Herbolsheimer, in the sum of about $1,605. The notes were executed in 1919. There are no written pleadings so far as the statute of limitations on these notes is concerned. Ordinarily the statute of limitations to be available as a defense, must be especially pleaded. *Fyffe v. Fyffe,* 350 Ill. 620, at page 623. When these notes were introduced in evidence, Albert J. Herbolsheimer objected to their introduction, because they show on their face that they were barred by the statute of limitations. At that time the court reserved his ruling on the admissibility of these notes. The abstract does not disclose any rulings at a later date, as to the admissibility of these notes. However, the court evidently, by the disallowance of the same, considered that the statute was a bar in this proceeding. After the evidence was all in, Albert J. Herbolsheimer filed a long motion in writing asking that all the testimony in regard to these notes be stricken, contending that the court had no jurisdiction to pass upon this matter. Neither the abstract nor the record discloses any ruling by the court on this motion. Certainly Albert J. Herbolsheimer is not in a position to raise the question of the jurisdiction of the court after submitting the case to the court under the written stipulation of all the parties of the suit. Another reason why Albert J. Herbolsheimer is not in a position to question the jurisdiction of the trial court, is that he

has filed a cross-appeal in the Appellate Court, alleging that the chancellor failed to find in his favor on his claim for expenses in coming from his home in Minnesota, to Bureau county, Illinois, to see his mother on business.

The evidence discloses that Albert J. Herbolsheimer at the time of executing the notes in question, lived in the State of Minnesota and the notes were payable at his mother's residence in Bureau county, Illinois. It is insisted by the other brothers that because Albert was a nonresident of the State of Illinois, the statute of limitations would not apply and would be no defense for the payment of the notes. Whether this is a good defense, we do not decide for there is another reason why the statutes do not apply. This suit started as a partition suit and the brothers entered into a stipulation to have the chancellor hear and adjust the different claims of the brothers, which were due to the mother's estate. He had jurisdiction of the subject matter and of the parties to the litigation. It is stipulated that he should adjust the matters between the parties, and the payments, if any, should be paid out of the proceeds of the sale in the partition suit.

It is stated in the case of *Fleming v. Yeazel,* 379 Ill. 343, that the defense of the statute of limitations is not available to an heir of an estate when the executor or administrator is seeking to collect notes due from one of the heirs, or charge the amount of the notes against the distributive share of the heir. On page 346, we find this language: ''The right of an executor to deduct such an indebtedness is based upon the equitable principle that no one should be permitted to share in a fund until he has discharged his obligation to contribute to that fund. Here appellants already have funds of the estate in their hands in the form of indebtedness owed to it. To allow them to escape payment of their debt and at the same time receive a full

distributive share of the estate, would serve to increase their share by the amount of their indebtedness. . . . The executor has the right to deduct debts of legatees though suit for same be barred by the statute of limitations."

There is no claim that these notes did not represent a bona fide indebtedness of Albert J. Herbolsheimer, or that the same have not been paid, or are debts that he owes to his mother's estate. It would be inequitable to allow him to retain the amount of these notes and still participate equally with his brothers in the proceeds of the estate. It is our conclusion that the court erred in not finding that these notes of Albert J. Herbolsheimer, together with interest thereon, were a valid claim against Albert J. Herbolsheimer.

The decree in favor of Albert J. Herbolsheimer is hereby reversed, but in all other respects the decree is affirmed.

*Affirmed in part and reversed in part.*