(No. 34674.—)

LEDA BOUDREAU YEATES, Appellant, *vs.* GENEVIEVE DAILY *et al.,* Appellees.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

JOHN H. BECKERS, and WAYNE R. BRANDENBURG, both of Kankakee, for appellant.

GENEVIEVE DAILY, and MARTHA DAILY, both of St. Anne, appellees, *pro sese.*

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff appeals from a decree of the circuit court of Kankakee County allowing a motion to dismiss plaintiff's amended complaint and assessing costs against the plaintiff. A freehold being involved the appeal comes to this court.

Although the only issue to be decided is whether the complaint states a cause of action, a brief look at the history of the freehold involved is necessary to resolve some of the extrinsic difficulties superimposed herein. In 1899, Thomas Daily, Sr., grandfather of the defendants, owned the E ½ SW ¼ of section 29, township 30 N., range 12 W. of the 2nd P.M. in Kankakee County. Peter Boudreau, Sr., father of plaintiff, owned almost all of the W ½ of the SE ¼ of said section 29. The two farms were separated by a fence situated approximately 18 at the north end to 13 feet at the south end west of the true north-south center line of the section. The fence, therefore, was approximately 18 to 13 feet over on the Daily farm. Daily brought an action for trespass *quare clausum fregit* to have the fence removed. This court in *Daily* v. *Boudreau,* 231 Ill. 228, held that the trespass action was barred by the Limitations Act and established the boundary line separating the two farms at the fence line. Title to the Daily farm later became vested in Martha and Genevieve Daily, the present owners and defendants herein.

About 1951, Edith Allendorf brought an action against the Daily sisters for an injunction to restrain them from interfering with her use of a two-rod-wide right-of-way easement lying immediately west of the division fence mentioned above. This court in *Allendorf* v. *Daily,* 6 Ill.2d 577, held the easement to be valid and binding upon the defendants and established its location as the east two rods of the southwest quarter of section 29, measured west from the division fence line previously established in the *Daily-Boudreau case.*

By a conveyance from her father, plaintiff has become the owner of that part of the Boudreau farm described as the W ½ of the W ½ of said SE ¼. By her present action, plaintiff now claims the fee title by adverse possession to the same two-rod-wide strip which was the subject of the easement dispute in the *Allendorf-Daily case*.

Plaintiff first filed a complaint in equity seeking to be declared owner of the disputed strip, that an alleged fence line be declared the boundary line between the two farms, for a mandatory injunction requiring defendants to reconstruct the fence, and for damages and other relief. On defendant's motion, the trial court dismissed the complaint for failure to state a cause of action and gave plaintiff leave to file an amended complaint.

Plaintiff filed her amended complaint in two counts. Count I is the usual complaint in equity to quiet the title to the premises in question and to remove, as a cloud upon plaintiff's title which she allegedly acquired by adverse possession, a decree of the circuit court of Kankakee County entered on February 17, 1956, in the *Allendorf-Daily case*. Edith Allendorf was made a party defendant in this amended complaint. She later filed a disclaimer of all right, title and interest to the disputed premises and asked to be dismissed from the cause. She takes no part in this appeal. Count II is an action for damages to the property of the plaintiff as a result of an alleged trespass of the defendants.

Defendants' motion to dismiss the amended complaint was sustained by the trial court. Plaintiff elected to stand on her complaint and a decree was entered against her dismissing the cause and assessing costs. Plaintiff's appeal from this decree presents the sole issue of the sufficiency of her amended complaint. We, therefore, direct our efforts towards ascertainment of whether or not the complaint states a cause of action. *Stenwall* v. *Bergstrom*, 398 Ill. 377; *Robb* v. *Eastgate Hotel, Inc.*, 347 Ill. App. 261.

Appellees' brief and argument are principally directed towards sustaining the points raised in their motion to dismiss, and present 10 points relied upon for dismissal. Points 1 and 10 assert that the complaint does not contain a plain, concise statement of plaintiff's cause of action and is insufficient in substance.

Count I of the amended complaint alleges that the plaintiff and the defendants own adjoining tracts of farmland; that since the date of entering into possession of her farm about March, 1929, there existed a fence separating the two farms and the disputed two-rod strip of land was on her side of the fence; that from the date she took possession she has had open, notorious, continuous, uninterrupted and adverse possession of the disputed strip of land up to the fence line; that all claims of other parties to the disputed strip of land are now barred by the 20-year Statute of Limitations; that the defendants wrongfully trespassed upon the lands of the plaintiff, tore down the fence, and claimed title to the disputed land under the terms of a decree of the circuit court of Kankakee County in a certain cause entitled, Edith Allendorf vs. Martha Daily *et al.,* in chancery No. 29053; that this decree upon its face is apparently valid but is void and not binding on the plaintiff herein because she was not a party to nor in privity with any of the parties to that action and she was never served with process in that suit; that this decree constitutes a cloud upon the title of the plaintiff; that Edith Allendorf may claim an interest in the premises and is thereby made a party defendant to the present action. Count I adds a prayer that title to the disputed strip be quieted in the plaintiff; that the alleged void decree be removed as a cloud upon the title of the plaintiff; and that the plaintiff recover damages from the defendants.

Count II is an action of trespass against the defendants seeking to recover for damages to the property of the plaintiff.

514

Pleadings are designed to advise the court and the adverse parties of the issues involved and what is relied on as a cause of action, in order that the court may declare the law and that the adverse parties may be prepared to meet the issues. (*Van Stratten* v. *Continental Ill. Nat. Bank & Trust Co.* 8 Ill. App.2d 100, 130 N.E.2d 224.) The complaint sets forth a plain, concise statement of the plaintiff's cause of action, conforms with the text books on the subject, and is substantially the same as complaints usually recognized as proper in suits to quiet title. (74 Corpus Juris Secundum, Quieting Title, pp. 7-168; Puterbaugh, Chancery Pleading and Practice, 7th ed., vol. 2; Callaghan's Illinois Civil Practice Forms, vol. 7; Nichols Illinois Civil Practice, vol 2, § 1165.) A title acquired by adverse possession may be used as a basis for an action to quiet title (*Sheaff* v. *Spindler,* 339 Ill. 540) and the purported invalid decree is such a cloud as will, if proved, be sufficient to sustain the action in equity. A cloud on title is said to be the semblance of a title, either legal or equitable, or a claim of an interest in lands, appearing in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce. *Rigdon* v. *Shirk,* 127 Ill. 411; *Shults* v. *Shults,* 159 Ill. 654; *Hodgen* v. *Guttery,* 58 Ill. 431.

The complaint alleges ownership, adverse possession for the statutory period, trespass by the defendants under a claim of title alleged to be invalid as to the plaintiff, under a decree alleged to constitute a cloud on plaintiff's title, and prays for removal of that cloud and incidental damages. We are of the opinion that the complaint states a cause of action. ·

Point 2 and point 7 by reference assert that plaintiff's claim is barred by the prior judgments of the circuit court of Kankakee County in *Daily* v. *Boudreau,* affirmed in 231 Ill. 228, and in *Allendorf* v. *Daily,* affirmed in 6 Ill.2d 577. A review of these two cases and appellee's copious argument supporting this contention reveal matters that

may be presented in defense of plaintiff's claim of adverse possession of the disputed strip but are not proper authority to sustain the ruling that the complaint does not state a cause of action to quiet title. The *Daily-Boudreau case* established the boundary line between the Daily and Boudreau farms as running along a fence line "eighteen feet west of the true line at the north end and about thirteen feet west at the south end," the true line being the north-south center line of the section. In the present case the plaintiff is claiming adverse possession of the two-rod-wide strip lying west of the boundary line established in the *Daily-Boudreau case*. The subject matter of the two cases is entirely separate and distinct. While the same strip is involved, the *Allendorf-Daily case* involved easement ownership only and here the fee title is the issue.

The *Allendorf-Daily case* was a suit by Edith Allendorf to enjoin the defendants in the present case from interfering with her use of an easement across what appears to be the same strip of land to which the plaintiff in the present case now lays claim of ownership. Plaintiff herein was not a party to the *Allendorf-Daily case* and does not claim title to the disputed strip by succession from Edith Allendorf. Rather she lays claim thereto by way of adverse possession. Thus, we find the parties and the issues in the *Allendorf-Daily case* to be different from the parties and the issues in the present case.

Where a former adjudication is relied upon as a bar to a subsequent action, it must appear that the cause of action and the parties are the same in both proceedings. (*Leitch* v. *Hine,* 393 Ill. 211; *Harding Co.* v. *Harding,* 352 Ill. 417.) To be barred by a decree or judgment in a former action, a person must be a party to the action in which it is entered or in privity with the parties thereto. (*Schafer* v. *Robillard,* 370 Ill. 92.) We take the position that the *Daily* and *Allendorf cases* are not grounds for holding that the amended complaint herein does not state a

cause of action. This holding obviates the necessity of ruling on appellant's contentions concerning judicial notice and improper pleading procedures utilized by the defendants.

Point three of defendant's motion to dismiss asserts that neither of the counts of the complaint attempt to locate the fence line by a proper description. Such an assertion may furnish defendants with sufficient grounds to demand a more definite and certain allegation concerning the specific metes and bounds location of the disputed strip but is not grounds for dismissal of what is otherwise a good and sufficient statement of plaintiff's cause of action.

Points 4, 5, 6 and 8 of defendants' motion are also affirmative assertions tending to refute the plaintiff's allegations of trespass rather than authority sustaining dismissal of her complaint. Accordingly, we deem it unnecessary to give further consideration thereto which, in turn, eliminates the necessity of giving further consideration to the points raised in appellant's brief concerning the location of and right to remove division fences.

Without passing upon the merits of the case, which are not before us, we find that the complaint states a good cause of action and defendant's motion to dismiss should have been overruled. The decree of the circuit court of Kankakee County is accordingly reversed and the cause is remanded, with directions to overrule the defendant's motion to dismiss and to proceed with the cause.

*Reversed and remanded, with directions.*