2021 IL App (1st) 19-1787-U

No. 1-19-1787

Order filed June 30, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| JOSEPHINE JOYCE, | ) |
| | ) Appeal from the Circuit Court |
| Plaintiff-Appellant, | ) of Cook County |
| | ) |
| v. | ) No. 2018 M4 002273 |
| A.T. JOYCE, J.C. MICHELOTTI | ) |
| | ) The Honorable |
| Defendant-Appellees. | ) Kevin T. Lee |
| | ) Judge Presiding |

PRESIDING JUSTICE WALKER delivered the judgment of the court. Justices Pierce and Coghlan concurred in the judgment.

**ORDER**

**Held:** When a plaintiff alleges in a complaint that the defendant recorded a mechanics' lien, and the defendant did not have a contract for the work he claimed to have done, the complaint adequately states a cause of action to quiet title.

¶ 1    Josephine Joyce, appearing *pro se*, brought an action against her brother, A.T. Joyce. She now appeals from an order dismissing her complaint for failing to state a claim. 735 ILCS 5/2-615(a) (West 2018)). We find the factual allegations of the complaint sufficient to state a cause of

action to quiet title. Accordingly, we reverse the circuit court's judgment and remand for further proceedings on the complaint.

¶ 2                                    BACKGROUND

¶ 3    Because this case comes before us on a dismissal under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)), we must accept as true all well-pleaded allegations of the complaint. *Doe v. Coe*, 2019 IL 123521, ¶ 20. Accordingly, we derive our statement of facts from the complaint. *Cochran v. Securitas Security Services USA, Inc*., 2017 IL 121200, ¶ 11.

¶ 4    In 2012, A.T., through his attorney, Joseph Michelotti, filed a lien against property owned by a trust for the benefit of Josephine. When Josephine discovered the lien in 2014, she contacted the trustee, First American Bank. Rosanne DuPass, a trust officer, told Josephine that the trustee had not received notice of the mechanics' lien.  DuPass checked the county recorder's website and found that A.T. had recorded a mechanics' lien against the property. DuPass requested from Michelotti "all supporting documentation regarding the Mechanic's Lien." Michelotti "indicated th[at] he does not have any files on the matter.," and A.T. "took all his files."  Josephine alleged:

> "No documents of a contract/agreement *** support any actions that would
>
> constitute a mechanic lien on the real property in issue before and after May 2009
>
> through the date of April 30, 2019.
>
> ***
>
> The requirements of a legal contract were not met by the means of oral, or
>
> implied, or written with the contractor.
>
> ***
>
> An oral contract *** would be a hallucination of the contractor.

\*\*\*

[T]here were no agreements or acceptance for furnished materials/delivery
or work performance as written on the mechanic lien claim.

\*\*\*

A.T. Joyce willfully signed, under Oath, the Notice and Claim for Lien
without a just cause or legal right, lien prepared by attorney J.C. Michelotti. \*\*\*
The contractor submitted a false affidavit in support of its lien claim."

¶ 5     Josephine framed her amended complaint as causes of action for fraud, theft, unjust enrichment, and for filing a false mechanics' lien.  Josephine sought monetary relief and an "Order by court for the unlawful Mechanic's Lien to be removed from real property in issue." Josephine further amended her complaint to add that "Notices/Statements by claimant were not served," as required by the Mechanics Lien Act. 770 ILCS 60/5 (West 2018). The circuit court dismissed the complaint with prejudice. Josephine now appeals. A.T. has not filed an appellee's brief. We consider the case on the basis of Josephine's brief alone. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 6                                   ANALYSIS

¶ 7     On appeal, Josephine argues that her complaint stated a cause of action. A section 2-615 dismissal motion challenges the legal sufficiency of the complaint based on defects apparent on the face of the pleading. *Simpkins v. CSX Transportation, Inc*., 2012 IL 110662, ¶ 13. The relevant inquiry on a section 2-615 motion to dismiss is whether the allegations, viewed in the light most favorable to the non-moving party, are sufficient to state a claim. *Bonhomme v. St. James, 2012 IL 112393, ¶ 34*. A court must accept all well-pleaded facts in the complaint, as well as any reasonable

inferences that flow from those facts, as true. *Cochran,* 2017 IL 121200, ¶ 11. A circuit court should not dismiss a cause of action under section 2-615 unless it is clear from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover. *Id*. We review the circuit court's order dismissing a complaint under section 2-615 *de novo*. *Schweihs v. Chase Home Fin., LLC,* 2016 IL 120041, ¶ 27.

¶ 8    Josephine alleged that A.T. and Michelotti filed a mechanics' lien against her property when A.T. had no valid contract for work on the property.  "A mechanics' lien must be based upon a valid contract, and in its absence the lien is unenforceable."  *Pascal P. Paddock, Inc. v. Glennon*, 32 Ill. 2d 51, 53 (1964).

¶ 9    Here, as in *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 941 (1997), the complaint "alleges facts which, if true, support an inference that the lien *** constitutes an invalid cloud on the title to the plaintiff's property. As such, the count states a good and sufficient cause of action to quiet title." See also *Yeates v. Daily*, 13 Ill. 2d 510, 514 (1958) (complaint stated a cause of action for removal of an invalid cloud on title, and for incidental damages). Josephine did not use the phrase "quiet title" in her complaint. However, "a motion to dismiss should be denied if a good cause of action is stated, although not the one intended by the plaintiff." *City of North Chicago v. North Chicago News, Inc.*, 106 Ill. App. 3d 587, 594 (1982).  Because Josephine alleged in her complaint and supporting documents facts that support a cause of action to quiet title, we reverse the circuit court's judgment and remand for further proceedings.

¶ 10                                   CONCLUSION

¶ 11    Josephine's amended complaint adequately alleges facts supporting a cause of action to quiet title. Accordingly, we reverse the circuit court's judgment and remand for further proceedings on the complaint.

¶ 12    Reversed and remanded.