2025 IL App (1st) 241112-U

THIRD DIVISION
August 6, 2025

No. 1-24-1112

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| RENEE SIMS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2022 CH 05110 |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-HE4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE4 and SHELLPOINT MORTGAGE SERVICING, | ) ) ) ) ) ) | |
| | ) | Honorable Anna M. Loftus, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The trial court did not err in granting defendants' motion for summary judgment because the note underlying the mortgage lien was not discharged. The court did not err in denying plaintiff's motion for summary judgment because there was a genuine issue of material fact as to whether the underlying note was accelerated. Affirmed.

¶ 2    Plaintiff Renee Sims filed a complaint to quiet title against defendants Deutsche Bank National Trust Company, as trustee for GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificates, Series 2005-HE4 (Deutsche Bank) and Shellpoint Mortgage Servicing (Shellpoint).

The parties filed cross-motions for summary judgment pursuant to section 2-1005(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005(a) (West 2022)). The trial court denied plaintiff's motion and granted defendants' motion. Plaintiff now appeals, contending that (1) the court erred in finding that a mortgage lien may persist after the underlying promissory note has been rendered unenforceable due to the running of the statute of limitations and (2) she was entitled to summary judgment in her favor because there was no genuine issue of material fact that the running of the statute of limitations rendered the underlying note unenforceable, which therefore extinguished the mortgage. For the following reasons, we affirm the judgment of the trial court.

¶ 3                                    BACKGROUND

¶ 4      On March 21, 2005, plaintiff and Fremont Investment & Loan (Fremont) entered into an "Adjustable Rate Note" providing, *inter alia*, that Fremont would lend $123,250 to plaintiff in exchange for plaintiff's promise to repay that amount plus interest. The note indicated that the maturity date was April 1, 2035. Section 7(C) of the note, entitled "Notice of Default," stated in relevant part that, if plaintiff were in default, the lender "may require" her to immediately pay the full amount of the principal and all interest owed by a certain date that would be "at least 30 days after" the mailing date of a notice of default.

¶ 5      Plaintiff also executed a mortgage granting Fremont a security interest in the property located at 947 East 148th Street in Dolton, Illinois, to ensure repayment of the note, the terms of which were incorporated within the mortgage, including the maturity date of April 1, 2035. The mortgage was recorded with the Cook County Recorder of Deeds on April 4, 2005. The mortgage was eventually assigned to Deutsche Bank and recorded on January 30, 2012. Section 22 of the mortgage, entitled "Acceleration; Remedies" provided in pertinent part as follows:

> "Lender shall give notice to Borrower [plaintiff] prior to
> acceleration following Borrower's breach of any covenant or

agreement in this Security Instrument ***. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property."

The section added that the notice would also inform plaintiff of the right to reinstate after acceleration, and it reiterated that, if the default was not cured on or before the date specified in the notice, the lender "at its option may require immediate payment in full of all sums secured by this Security Instrument *** and may foreclose this Security Instrument by judicial proceeding."

¶ 6 On February 15, 2012, Deutsche Bank filed its complaint to foreclose mortgage, alleging that plaintiff had defaulted on the note and mortgage for monthly payments from September 2010 through the date of filing. The foreclosure complaint stated that the amount then due was "the monthly payments for September 2010 through the present; the principal of $144,407.87, plus interest, costs and fees, and advances ***." The complaint did not state that the underlying promissory note had been accelerated. On April 24, 2014, the trial court granted Deutsche Bank's motion to voluntarily dismiss the complaint without prejudice.

¶ 7 On March 2, 2022, Shellpoint sent plaintiff a letter indicating that her "account" had been charged off and that Shellpoint would no longer charge additional fees or interest on the account. The letter additionally explained, "This means that Shellpoint will no longer provide you with a periodic statement for each billing cycle as the full amount is now due and owing." The letter noted that "[i]t is possible for your account to be purchased, assigned or transferred to another servicer," in which case Shellpoint would notify plaintiff. The letter also advised the following:

> "It is important to note that any lien on the property will
> remain in place and you remain liable to Shellpoint for the mortgage
> loan obligation and any obligations arising from or related to the
> property which may include property taxes. The balance on the
> account has not been canceled or forgiven and your obligation to
> resolve the balance on the account remains."

Finally, the letter informed plaintiff that Shellpoint could not bring a legal action to collect the debt (or threaten to do so) in Illinois because "the statute of limitations has expired," but it cautioned that, if plaintiff did make a payment, Shellpoint might be able to bring such an action because the payment might start a new statute of limitations period.

¶ 8                                    Plaintiff's Complaint

¶ 9      On May 27, 2022, plaintiff filed her initial complaint to quiet title. Although the trial court granted defendants' motion to dismiss the complaint with prejudice, the court subsequently granted plaintiff's motion to reconsider, and allowed plaintiff to file her amended complaint, which she did on September 27, 2023. Plaintiff alleged the facts noted above and alleged that, although the mortgage "no longer secures an enforceable debt," defendants have refused to release the lien associated with the mortgage on the property. Among other things, plaintiff asked the court for a declaration that she was the rightful holder of title to the property and that defendants no longer had any estate, right, title, or interest in the property.

¶ 10                    The Cross-Motions for Summary Judgment

¶ 11      On December 13, 2023, plaintiff filed her motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2022)). Plaintiff alleged substantially the same facts as in her complaint and argued in essence that, since defendants "admitted that the mortgage no longer secures an enforceable debt," defendants necessarily

4

admitted that the mortgage is invalid and otherwise unenforceable. Plaintiff then concluded, "Invalid and unenforceable liens are a cloud on title that should be removed."

¶ 12   On February 6, 2024, defendants filed their combined response and cross-motion for summary judgment. Defendants argued that plaintiff failed to (1) establish the elements of a quiet title action, (2) show that the statute of limitations on the underlying note had expired, and (3) demonstrate that the mortgage should be released. Defendants further argued that they were entitled to judgment as a matter of law because the record "affirmatively" showed that, pursuant to section 13-116 of the Code (735 ILCS 5/13-116 (West 2022)), the trial court could not remove the mortgage lien as a cloud on the title of the property until "March 1, 2035, at the earliest and April 1, 2055, at the latest."

¶ 13   Defendants attached a copy of the recorded mortgage to their cross-motion. Section 22 of the mortgage, entitled "Acceleration; Remedies," provided in part as follows:

> "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure

5

proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding."

¶ 14 On April 23, 2024, the trial court issued a written order denying plaintiff's motion and granting defendants' motion. The court's order noted that it had heard argument[1] on the motions and found that, with respect to plaintiff's summary judgment motion, there was a genuine issue of material fact as to whether the note was accelerated, and if so, on what date. The order further found that, regarding defendants' summary judgment motion, even if the mortgage is unenforceable due to the running of the statute of limitations, the lien is not similarly rendered unenforceable. The court added that section 13-116 of the Code further supported this ruling.

¶ 15 This timely appeal follows.

¶ 16                                  ANALYSIS

¶ 17 On appeal, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment and denying her summary judgment motion. Specifically, plaintiff argues that summary judgment in favor of defendants was improper because the underlying note is unenforceable due to the running of the statute of limitations on defendants' 2012 mortgage foreclosure complaint. Plaintiff then reasons that, since the note is unenforceable, the mortgage lien is "extinguished by operation of law" and thus is a cloud on title that the court should have ordered removed. With respect to her own summary judgment motion, plaintiff contends that there

---

[1] No report of proceedings or acceptable substitute for the date of this hearing is in the record on appeal. See Ill. S. Ct. Rs. 321 (eff. Oct. 1, 2021), 323 (eff. July 1, 2017).

were no material facts in dispute at the time she filed her motion, and defendants' answer also failed to specifically deny certain allegations, which should have been deemed to have been admitted. Plaintiff thus asks that we reverse and remand the cause for further proceedings.

¶ 18    Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill. 2d 90, 102 (1992). To determine whether there is a genuine issue of material fact, we construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. *Id.* at 131-32. Unsupported conclusions, opinions, or speculation, however, do not raise a genuine issue of material fact. *Id.* at 132.

¶ 19    Since the parties filed cross-motions for summary judgment, they conceded that no material questions of fact existed and that only a question of law was involved that the court could decide based on the record. *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680, ¶ 12 (citing *Pielet v. Pielet*, 2012 IL 112064, ¶ 28). Nonetheless, the mere filing of cross-motions for summary judgment does not conclusively establish that there is no issue of material fact, nor is the trial court obligated to enter summary judgment for either party. *Pielet*, 2012 IL 112064, ¶ 28. We review the trial court's decision as to cross-motions for summary judgment *de novo*. *Id.* ¶ 30; see also *Outboard Marine*, 154 Ill. 2d at 102 (trial court's entry of summary judgment reviewed *de novo*).

¶ 20    An action to quiet title in property is an equitable proceeding wherein a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 811 (1985). A cloud on title is defined as

"the semblance of a title, either legal or equitable, or a claim of an interest in lands, appearing in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce." *Yeates v. Daily*, 13 Ill. 2d 510, 514 (1958).

¶ 21                                Defendants' Motion for Summary Judgment

¶ 22    As noted above, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment.  Plaintiff first observes that the running of the statute of limitations on defendants' 2012 mortgage foreclosure complaint has barred defendants from pursuing that complaint.  Plaintiff states that this renders the underlying note unenforceable, and therefore the mortgage lien should be "extinguished by operation of law."  Consequently, the mortgage lien is a cloud on title, the removal of which the court should have ordered.

¶ 23    At the outset, we note that defendants do not directly address whether the statute of limitations (*i.e.*, section 13-206 of the Code) has barred any action; instead, they merely argue that the record does not demonstrate that the statute has run.  We thus proceed on this issue assuming, *arguendo*, that the statute has run.  The accrual of the statute of limitations is addressed in the second issue on appeal.

¶ 24    Section 13-206 of the Code provides in pertinent part as follows:

> "[A]ctions on *** promissory notes *** or other evidences of
> indebtedness in writing *** shall be commenced within 10 years
> next after the cause of action accrued; ***.  For purposes of this
> Section, *** a cause of action on a promissory note payable at a
> definite date accrues on the due date or date stated in the promissory
> note or the date upon which the promissory note is accelerated."  735
> ILCS 5/13-206 (West 2022).

Section 13-206 further provides that, if any payment or new promise to pay has been made in writing on any note "within or after the period of 10 years," then an action may be commenced "at any time within 10 years after the time of such payment or promise to pay." *Id.*

¶ 25    When the statute of limitations has elapsed, it bars any remedy for recovery of a debt. Nonetheless, "a moral obligation to pay the debt remains, even though the remedy for enforcement has been extinguished," which has been the case for "over 130 years." *Boatmen's Bank of Mount Vernon v. Dowell*, 208 Ill. App. 3d 994, 1002 (1991) (citing *Keener v. Crull*, 19 Ill. 189, 191 (1857) ("The statute bars the action, and all remedy for recovery of the debt; and, when the bar is complete, the statute being interposed in defense, no action for the recovery of the debt can be maintained. The debt, however, is not annihilated, and remains the same as before, excepting that all remedy for enforcement of the obligation is gone.")); see also *Dunas v. Metropolitan Trust Co.*, 41 Ill. App. 2d 167, 170 (1963) ("The running of a statute of limitations bars the remedy for enforcing a debt, but does not extinguish the debt itself.").

¶ 26    Here, the cause of action on plaintiff's alleged 2010 default accrued in September 2010. Defendants filed their mortgage foreclosure complaint in 2012, but after they voluntarily dismissed the cause in 2014, they failed to re-file any subsequent complaint. As such, enforcement of the 2010 default is barred by the statute of limitations pursuant to section 13-206. See 735 ILCS 5/13-206 (West 2022). Nonetheless, the underlying note is not extinguished. See *Boatmen's Bank*, 208 Ill. App. 3d at 1002; *Dunas*, 41 Ill. App. 2d at 170. The parties also agree that a mortgage is a mere "incident" to a debt, and the mortgage is not barred until the debt is barred. We agree with the parties:  it has long been held that, "the debt is the principal thing, and the mortgage or trust deed but an incident thereto; *** and that the mortgage will not be barred until the debt is barred." *Kraft v. Holzman*, 206 Ill. 548, 549-50 (1903); *Livingston v. Meyers*, 6 Ill. 2d 325, 331 (1955).

¶ 27    There is no evidence in the record that the note has been discharged, cancelled, or "annihilated" (in the words of the *Keener* court). Although Shellpoint stated in its letter to plaintiff that the "account" had been charged off and would no longer charge additional fees or interest on the account, the letter did not state that the loan or underlying note had been charged off. To the contrary, the letter stated that the balance on the account had not been canceled or forgiven, and plaintiff's obligation to "resolve" the balance on the account remained. In addition, the letter further advised plaintiff that, notwithstanding its charge off, plaintiff's account could nevertheless be "purchased, assigned or transferred to another servicer." The evidence in this case thus indicates that the note is still valid. As Shellpoint advised in its letter, although it could not bring a legal action because the statute of limitations had elapsed, it nonetheless could bring an action in the future if plaintiff made a payment because that payment might start a new limitations period. Under longstanding precedent, the statute of limitations barring defendants' mortgage foreclosure action affects only the "remedy" of plaintiff's alleged breach of the note; it does not also operate to extinguish the note. See, *e.g.*, *Fleming*, 379 Ill. at 345-46. As noted above, the mortgage is merely an incident to the underlying debt and "will not be barred until the debt is barred." *Kraft*, 206 Ill. at 549-50; see also *Livingston*, 6 Ill. 2d at 331 (noting that, pursuant to the *Kraft* decision, "the lien of a mortgage, etc., was kept alive as long as the indebtedness secured thereby was continued in force"). Here, there is nothing in the record to indicate that the note has been cancelled or discharged. Accordingly, pursuant to both *Livingston* and *Kraft*, the mortgage lien should be "kept alive," *i.e.*, not extinguished  See *id.*

¶ 28    As discussed, a cloud on title is the semblance of a title or interest in land that appears "in some legal form but which is, in fact, unfounded." *Yeates*, 13 Ill. 2d at 514. On these facts, defendants' mortgage lien is not unfounded. The trial court therefore did not err in granting defendant's motion for summary judgment.

¶ 29 Plaintiff nonetheless argues that a foreclosure action on a mortgage is impermissible when the corresponding action on the underlying note is barred by the statute of limitations. Plaintiff further cites numerous cases in support of that point, such as *Dunas*; *Emory v. Keighan*, 88 Ill. 482 (1878); and *United Central Bank v. KMWC845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015). We recognize that the statute of limitations bars defendants from initiating a foreclosure action predicated upon plaintiff's purported 2010 default. The case here, however, does not concern a mortgage foreclosure complaint filed by defendants; instead, this case concerns plaintiff's filing of a complaint to quiet title, *i.e.*, she is attempting to remove the mortgage lien from her property that is associated with the still-outstanding note. None of the cases plaintiff cites stand for the proposition that a mortgage lien on an existing note should be removed because the statute of limitations bars enforcement of the note.

¶ 30 In *Fleming v. Yeazel*, 379 Ill. 343 (1942), our supreme court recounted *Keener*'s holding that "the statute of limitations controls the remedy for recovery of the debt, but the debt remains the same as before, excepting that the remedy for enforcement is gone." *Id.* at 345. The court then recounted prior precedent that the debt's "unquestioned moral obligation" provides good consideration to support a promise to perform the obligation, and that "a new promise based upon that moral obligation is binding on the debtor in avoidance of the bar of the statute." *Id.* The court then noted, "These cases have never been overruled, and we find no disagreement in the authorities in this State as to the nature of the effect of statutes of limitation." *Id.* The court further explained that the statute of limitations "applies entirely to the remedy and nothing therein indicates that it was the legislative intention that the debt should be extinguished, \*\*\*." *Id.* at 345-46. Plaintiff's reliance upon *Dunas*, *Emory*, and *United Central Bank* is therefore unavailing. We thus reject plaintiff's first claim of error. Since we have held that the court did not err in granting defendants'

summary judgment motion on the grounds noted above, we need not discuss whether the court erred in finding that section 13-116 of the Code further "supported" its decision.

¶ 31                    Plaintiff's Motion for Summary Judgment

¶ 32    Plaintiff next contends that the trial court erred in denying her motion for summary judgment. Plaintiff argues that there was no genuine issue of material fact that she was entitled to judgment as a matter of law. In particular, she argues that defendants either admitted or were deemed to have admitted, *inter alia*, that they filed the mortgage foreclosure complaint in 2012 alleging plaintiff defaulted in September 2010, the complaint was voluntarily dismissed without prejudice, and the mortgage has not been released.

¶ 33    In this case, section 13-206 of the Code requires that a cause of action on a promissory note be commenced within 10 years of either the due date, the date stated on the note, or the date the note is accelerated. 735 ILCS 5/13-206 (West 2022). The due date of the note in this case was stated on the note as April 1, 2035. Therefore, defendants' claim would need to be commenced within 10 years of that due date, or April 1, 2045.

¶ 34    Although the statute provides that the cause of action would accrue on the date the note is accelerated, there is no evidence in the record on appeal that the note was properly accelerated. Both the mortgage and the note required that, prior to accelerating the due date, Deutsche Bank would have had to provide plaintiff not only with a notice of acceleration, but also a minimum of 30 days for plaintiff to "cure" any alleged default before seeking foreclosure on the mortgage. There is nothing in the foreclosure complaint nor in the trial record below,[2] however, to indicate that defendants accelerated the note. Plaintiff implicitly seems to recognize this in stating in her

---

[2]  This court may take judicial notice of the public documents that are included in the records of other courts. See, *e.g.*, *In re Linda B.*, 2017 IL 119392, ¶ 31; Ill. Rs. Evid. 201 (eff. Jan. 1, 2011)), 803(8) (eff. Jan. 25, 2023)).

brief that the statute of limitations began running on February 15, 2012 (the filing date of the foreclosure complaint) "[a]ssuming, *arguendo*, that the Note was properly accelerated \*\*\*." " 'Although a plaintiff may rely on reasonable inferences which may be drawn from the facts considered on a motion for summary judgment, an inference cannot be established on mere speculation, guess or conjecture.' " *Lopez-Arana v. Brian Properties, Inc.*, 2024 IL App (1st) 231652, ¶ 17 (quoting *Salinas v. Werton,* 161 Ill. App. 3d 510, 515 (1987)).

¶ 35    In addition, although the (subsequently dismissed) foreclosure complaint stated that the "balance due" on the note comprised the principal balance plus other various amounts, defendants nonetheless stated that plaintiff was only in default for the payments from September 2010 through the time of the filing.  There is no transcript from the hearing on the cross-motions for summary judgment, which could have shed light on whether Deutsche Bank provided the requisite 30-day notice of acceleration to plaintiff.  Although the standard of review for summary judgment is *de novo* (see *Outboard Marine*, 154 Ill. 2d at 102), rule 323 does not provide an exemption based upon the standard of review of an issue raised before this court (see Ill. S. Ct. R. 323 (eff. July 1, 2017)).  Furthermore, to examine, for example, whether plaintiff has forfeited this argument by failing to raise it before the trial court (or whether plaintiff in fact conceded the statute had run), we must have a transcript or acceptable substitute to review.  It is well established that arguments not raised before the trial court are forfeited in this court.  See, *e.g.*, *Jeanblanc v. Sweet*, 260 Ill. App. 3d 249, 254 (1994) (noting that issues raised for the first time on appeal, "even from a summary judgment order," are deemed waived); *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 127 (2010) ("A reviewing court will not consider arguments not presented to the trial court. [Citation.] That the argument concerns the constitutionality of a statute does not make a difference.").  The burden of providing a sufficient record on appeal rests with the appellant (here, plaintiff), and in the absence of such a record, we must (1) presume the trial court acted in

13

conformity with the law and with a sufficient factual basis for its findings and (2) resolve any doubts arising from an incomplete record against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt" (*Outboard Marine,* 154 Ill. 2d at 102), and we must construe the pleadings, depositions, admissions, and affidavits strictly against the movant (*i.e.*, plaintiff) and liberally in favor of the opponents (see *id.* at 131-32). In light of these requirements and the facts here, the trial court correctly denied plaintiff's motion for summary judgment. We therefore reject plaintiff's final contention of error.

¶ 36                                    III. CONCLUSION

¶ 37     The trial court did not err in granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. Accordingly, we affirm the judgment of the trial court.

¶ 38     Affirmed.