2025 IL App (1st) 241354

First District
Third Division
August 20, 2025

No. 1-24-1354

|  |  |  |
|---|---|---|
| CHICAGO TITLE LAND TRUST COMPANY, as Successor Trustee to American National Bank and Trust Company of Chicago, as Trustee under Trust Agreement Dated March 1, 1974, as Known as Land Trust #32731, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | No. 2023 CH 05985 |
| v. | ) ) | The Honorable |
| SARA WATKIN, as Trustee of the Sara Watkin 2000 Revocable Trust, | ) ) ) | Allen Price Walker, Judge Presiding. |
| Defendant-Appellee. | ) ) ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Martin and D.B. Walker concurred in the judgment and opinion.

## OPINION

¶ 1    In 2011, plaintiff Chicago Title Land Trust Company, as trustee to a land trust, executed a mortgage in favor of defendant Sara Watkin, as trustee of a revocable trust, which served as security for a one-year line of credit provided to the beneficial owners of the land trust. In 2022, defendant filed a foreclosure action against plaintiff, which was dismissed without prejudice; that dismissal was never appealed, and the complaint was never amended or refiled. In 2023, plaintiff filed a complaint to quiet title, arguing that the mortgage lien was extinguished by operation of law after the expiration of the limitations period for both the debt and the mortgage and therefore constituted a cloud on title. The parties filed cross-motions for summary judgment, and the circuit court granted defendant's motion and denied plaintiff's

motion, finding that the mortgage remained a valid lien on the property even when the debt was unenforceable. Plaintiff appeals, and we affirm.

¶ 2                                    BACKGROUND

¶ 3        The facts relevant to the instant appeal are largely undisputed. Plaintiff was the trustee of a land trust, and Marline and Melvin Stein (collectively, the Steins) were the beneficial owners of the land trust. On June 24, 2011, plaintiff and the Steins executed a "Secured First Mortgage Note" (note), evidencing a line of credit in which they promised to pay "up to the sum of $150,000.00" to defendant, the trustee of a revocable trust. The note had a one-year term, with a maturity date of June 24, 2012. The note was secured by a mortgage on a parcel of real property located in Wilmette, which was executed by plaintiff in favor of defendant.

¶ 4        Neither plaintiff nor the Steins ever made any payments under the note. Accordingly, on June 23, 2022, defendant filed a complaint in the circuit court of Cook County, seeking to foreclose on the mortgage. The circuit court ultimately granted a motion to dismiss the complaint without prejudice on February 2, 2023, but there is no indication that defendant sought to amend her complaint or otherwise refile the action, nor did defendant appeal the dismissal.

¶ 5        On June 26, 2023, plaintiff[1] filed a complaint to quiet title; the complaint was amended several times, and it is the second amended complaint which is the subject of the instant appeal. The complaint alleged that the statute of limitations on the note had expired, and, as such, action on the mortgage was similarly barred. Since the mortgage was unenforceable, the

---

[1]The initial complaint was filed by Marline Stein, as beneficial owner of the property. The second amended complaint, however, listed plaintiff as the party filing the complaint.

2

complaint alleged that it represented a cloud on title and requested an order finding that defendant had no "estate, right, title, or interest in the subject property."

¶ 6 In response, defendant filed a motion for summary judgment. Defendant acknowledged that "the relative statutes of limitation have run (and that the foreclosure case that she filed in Cook County, Illinois *** cannot be re-opened or re-filed at this point)." She, however, contended that "[n]one of that *** affects the validity of her mortgage lien," claiming that the lien remained in effect even if she was procedurally barred from enforcing her rights under the note and mortgage. As such, defendant maintained that plaintiff's claim to unencumbered title was not superior to her mortgage claim, which was a required element for a quiet title action.

¶ 7 Plaintiff filed a response to the motion for summary judgment, in addition to a cross-motion for summary judgment, contending that, where the mortgage and note were barred by the statute of limitations, the mortgage "is no longer a lien on the property" (citing *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557 (1940)).

¶ 8 On May 30, 2024, the circuit court granted defendant's motion for summary judgment, "subject to the furnishing of the proper identification of the plaintiff and proof of its current ownership of the subject property, which will be done via a Third Amended Complaint, to be filed on or before May 31, 2024," and further denied plaintiff's cross-motion for summary judgment.

¶ 9 On May 31, 2024, plaintiff filed a third amended complaint, as directed by the circuit court. Plaintiff also filed a motion for clarification, requesting that the circuit court enter a final and appealable order pursuant to its grant of summary judgment and that it clarify that its order was over plaintiff's objections. On June 25, 2024, the circuit court denied plaintiff's motion for clarification, but indicated that "[t]his order is final and appealable as of the date of its

entry." On June 28, 2024, plaintiff filed a notice of appeal, appealing the circuit court's May 30, 2024, grant of summary judgment in defendant's favor, and this appeal follows.

¶ 10                                                   ANALYSIS

¶ 11        On appeal, plaintiff contends that the circuit court erred in granting summary judgment in favor of defendant, where the note and mortgage were unenforceable due to the expiration of the statute of limitations. As an initial matter, we briefly address our jurisdiction to consider plaintiff's appeal. See *In re J.B.*, 204 Ill. 2d 382, 388 (2003) (a reviewing court has the duty to consider its jurisdiction *sua sponte* if not raised by the parties). The appellate court typically only has jurisdiction to review final judgments from the circuit court. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). An order granting summary judgment is a final order. *Shutkas Electric, Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 80 (2006). Thus, there would normally be no question that we have jurisdiction to review the circuit court's May 30, 2024, order granting summary judgment in favor of defendant.

¶ 12        In this case, however, the circuit court's order granting summary judgment was "subject to the furnishing of the proper identification of the plaintiff and proof of its current ownership of the subject property, which will be done via a Third Amended Complaint, to be filed on or before May 31, 2024." Plaintiff filed a third amended complaint as instructed, and the circuit court denied its motion for clarification on June 25, 2024. While the order did not address the previous grant of summary judgment, it included a finding that "[t]his order is final and appealable as of the date of its entry." We thus must consider whether either (1) the summary

judgment order or (2) the order denying the motion for clarification operated as a final order that conferred jurisdiction on this court with respect to the instant appeal.[2]

¶ 13    We find that, under the circumstances of this case, the circuit court's orders operated to terminate the litigation between the parties, such that we have jurisdiction to consider the instant appeal. While the circuit court's June 25, 2024, order did not expressly reaffirm its previous grant of summary judgment, its May 30, 2024, order, which granted summary judgment, made it clear that it was permitting plaintiff to amend its complaint solely to add proof of its ownership of the subject property, not to reopen the proceedings. To ensure there was no confusion about the termination of the litigation, the circuit court's June 25, 2024, order included a specific finding that its order was final and appealable. As there can be no question that the circuit court's order resolved all issues between the parties, we find that we have jurisdiction over the instant appeal and proceed to consider the merits of the parties' arguments. See *Shaw v. U.S. Financial Life Insurance Co.*, 2022 IL App (1st) 211533, ¶ 23 (finding motion to reconsider timely where a circuit court's final order granting summary judgment merely effectuated its prior order in which it substantively considered the merits of the motion for summary judgment).

¶ 14    As noted, the circuit court in this case granted summary judgment in favor of defendant. A circuit court is permitted to grant summary judgment only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). The circuit court must view these documents and exhibits in

---

[2]We note that plaintiff's notice of appeal, filed on June 28, 2024, was filed within 30 days of both orders. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from").

the light most favorable to the nonmoving party. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). We review a circuit court's decision to grant a motion for summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 15     Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is clear and free from doubt. *Id.* Mere speculation, conjecture, or guess, however, is insufficient to withstand summary judgment. *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 328 (1999). The party moving for summary judgment bears the initial burden of proof. *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007). The movant may meet his burden of proof either by affirmatively demonstrating that some element of the case must be resolved in his favor or by establishing that there is an absence of evidence to support the nonmoving party's case. *Id.* The purpose of summary judgment is not to try an issue of fact but to determine whether a triable issue of fact exists. *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002) (citing *Luu v. Kim*, 323 Ill. App. 3d 946, 952 (2001)). Where, as here, the parties file cross-motions for summary judgment, "they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. The filing of cross-motions for summary judgment, however, does not establish that there is no issue of material fact, nor does it obligate the court to render summary judgment. *Id.* We may affirm on any basis appearing in the record, regardless of whether or not the circuit court relied on that basis. *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 34.

¶ 16     In this case, the defendant's motion for summary judgment was based exclusively on her contention that she had a valid lien on plaintiff's property, even though the statute of limitations barred her from enforcing the terms of the note or mortgage. The issue on appeal thus asks us

to determine the effect of the statute of limitations on the validity of a mortgage lien. We observe that this court recently considered this precise issue in the context of a case that bears remarkable similarity to the case before us. See *Sims v. Deutsche Bank National Trust Co.*, 2025 IL App (1st) 241112-U. Prior to that decision, however, no court appears to have squarely addressed the question of whether the running of the statute of limitations results in the extinguishment of a mortgage lien. Accordingly, while we ultimately agree with the analysis in *Sims*, we address the matter in full in order to provide additional guidance on an issue on which there is limited applicable authority.[3]

¶ 17    A lien is "a hold or claim that one party has on the property of another for a debt." *Aames Capital Corp. v. Interstate Bank of Oak Forest*, 315 Ill. App. 3d 700, 703 (2000). There are a number of circumstances that may result in the imposition of a lien under the law, including mechanic's liens (770 ILCS 60/1 (West 2022)), broker's liens (770 ILCS 15/10 (West 2022)), and tax liens (35 ILCS 5/1101 (West 2022); 35 ILCS 120/5a (West 2022); 35 ILCS 200/21-75 (West 2022); 35 ILCS 515/8 (West 2022)). As relevant to the case at bar, one such form of lien is a mortgage. See *Aames Capital Corp.*, 315 Ill. App. 3d at 703.

¶ 18    A mortgage is "an interest in land created by written instrument providing security in real estate to secure the payment of a debt." *Id.* (citing *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 111 (1993)); see 735 ILCS 5/15-1207 (West 2022) (defining a mortgage as a "consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation"). The mortgage constitutes a lien on the subject real estate "from the time [the] mortgage is recorded." 735 ILCS 5/15-1301 (West 2022). Additionally,

---

[3]We also note that *Sims* found it unnecessary to address the applicability of section 13-116 of the Code of Civil Procedure (735 ILCS 5/13-116 (West 2022)), which constitutes a large part of the parties' arguments in the instant appeal.

the mortgage instrument is a contract between the parties and is subject to principles of contract interpretation. *Resolution Trust Corp.*, 248 Ill. App. 3d at 111; *First American Bank v. Poplar Creek, LLC*, 2020 IL App (1st) 192450, ¶ 26.

¶ 19    There are several methods by which a lien—including a mortgage lien—may be resolved and thereby removed from title. Most obviously, the debt obligation for which the lien serves as security may be satisfied, resulting in the release of the lien. In the case of a mortgage, this must be done through the filing of a release with the office of the recorder of deeds. See 765 ILCS 905/2 (West 2022). Additionally, the lien may be discharged by operation of law, which is referred to as extinguishment of the lien. See *In re Application of Rosewell*, 127 Ill. 2d 404, 410 (1989) (" 'An extinguishment of a lien is a discharge by operation of law.' " (quoting *Schreiber v. County of Cook*, 388 Ill. 297, 306 (1944))). This may occur either automatically or through judicial proceedings. See, *e.g.*, 770 ILCS 15/10(g) (West 2022) (providing that "[f]ailure to commence proceedings within 2 years after recording [a broker's] lien shall extinguish the lien"); *Rosewell*, 127 Ill. 2d at 410-11 (a judicial sale of property extinguishes a tax lien).

¶ 20    With respect to a mortgage lien, if the mortgagor defaults on its obligations, the mortgagee may enforce its lien through proceedings in accordance with the Illinois Mortgage Foreclosure Law (Foreclosure Law), which ultimately results in the termination of the mortgagor's interest in the subject real estate and extinguishment of the lien. See 735 ILCS 5/15-1404 (West 2022); *Rosewell*, 127 Ill. 2d at 411 ("When a mortgagee enforces his lien through a foreclosure sale, the lien is extinguished ***." (citing *Ogle v. Koerner*, 140 Ill. 170, 179 (1892))). The statute of limitations on a mortgage foreclosure action is 10 years. 735 ILCS 5/13-115 (West 2022). The mortgage, however, is incident to the underlying debt, as the debt instrument is "the

vehicle which gives the [mortgagee] the legal right to proceed against the property." *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 536 (2010). Consequently, "where the underlying obligation is barred by the statute of limitations, a mortgage foreclosure action is similarly barred." *BMO Bank N.A. v. Zbroszczyk*, 2025 IL App (1st) 241333, ¶ 27.

¶ 21     In this case, there is no dispute that the statute of limitations on the note and the mortgage have expired, meaning that defendant lacks the ability to pursue an action to foreclose the mortgage under the Foreclosure Law. Plaintiff, however, contends that the expiration of the statute of limitations has an even greater effect—plaintiff claims that the inability of defendant to enforce her rights under the mortgage results in the extinguishment of the lien altogether.

¶ 22     Plaintiff's argument is based, in large part, on cases setting forth the relationship between the debt instrument and the mortgage. These cases make clear that, as we have observed, our courts have long held that the mortgage is a mere incident of the debt, and it is barred when the debt instrument is barred. See, *e.g.*, *Hibernian Banking Ass'n v. Commercial National Bank of Chicago*, 157 Ill. 524, 537 (1895); *Dunas v. Metropolitan Trust Co.*, 41 Ill. App. 2d 167, 170 (1963); *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015); *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 39 n.2. The question in this case, however, is not whether an action on the mortgage is procedurally barred—there is no dispute that it is—but instead whether the inability to enforce the mortgage lien operates to extinguish the lien. We agree with the circuit court that it does not and that the mortgage lien in this case remained a valid encumbrance on title such that the circuit court properly granted defendant summary judgment with respect to plaintiff's quiet title action.

¶ 23     It is well settled that the expiration of a statute of limitations operates to bar the availability of a remedy but does not affect the substantive right at issue—while it bars the right to sue for

9

recovery, it does not extinguish the underlying obligation. See, *e.g.*, *Fleming v. Yeazel*, 379 Ill. 343, 345-46 (1942); *Madison v. City of Chicago*, 2017 IL App (1st) 160195, ¶ 10. Indeed, our supreme court has indicated that a debt continues to constitute " 'an unquestioned moral obligation' " even after the expiration of the statute of limitations, despite the fact that there is no longer any remedy for enforcement of the obligation.[4] *Kallenbach v. Dickinson*, 100 Ill. 427, 434 (1881) (quoting *Keener v. Crull*, 19 Ill. 189, 191 (1857)). For this reason, a promise to pay a time-barred debt may revive the initial obligation, removing the statutory bar to enforcement. *Boatmen's Bank of Mt. Vernon v. Dowell*, 208 Ill. App. 3d 994, 1002 (1991); see 735 ILCS 5/13-206 (West 2022).

¶ 24    We also observe that the expiration of a statute of limitations does not automatically terminate a potential cause of action upon the passage of a certain period of time. Instead, the statute of limitations is an affirmative defense, which must be raised in response to an allegedly time-barred claim. See *Lease Partners Corp. v. R&J Pharmacies, Inc.*, 329 Ill. App. 3d 69, 75-76 (2002) (noting that defendants must plead and prove the running of the statute of limitations as an affirmative defense, and, thus, trial courts may not consider the issue *sua sponte*). In other words, the statute of limitations comes into play only when it is raised by the party attempting to avail itself of the defense; if not raised, it is forfeited. See *Fox v. Heimann*, 375 Ill. App. 3d 35, 45 (2007) ("[T]he expiration of a statute of limitations is an affirmative defense, which is forfeited if not timely raised in the trial court."). There are also a number of situations that result in the tolling of a statute of limitations, such as the discovery rule (see *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77-79 (1995)), a party's minority or disability

---

[4]We also note that our supreme court has suggested that it would be unconstitutional if the expiration of the statute of limitations extinguished the underlying debt. See *Fleming*, 379 Ill. at 345-46.

(735 ILCS 5/13-211 (West 2022)), or a party's absence from the jurisdiction (*id.* § 13-208). These characteristics further highlight that a statute of limitations is intended to be a procedural bar, not a substantive discharge of an underlying property interest. As such, we cannot find that the expiration of the statute of limitations with respect to an action on a mortgage automatically results in the extinguishment of the underlying mortgage lien.

¶ 25    Our conclusion is strengthened by the presence of section 13-116 of the Code of Civil Procedure (735 ILCS 5/13-116 (West 2022)), which expressly concerns mortgage liens. Section 13-116 provides, in relevant part:

"(a) The lien of every mortgage, *** the due date of which is stated upon the face, or ascertainable from the written terms thereof, filed for record either before or after July 16, 1941, which has not ceased by limitation before July 16, 1941, shall cease by limitation after the expiration of 20 years from the time the last payment on such mortgage *** became or becomes due upon its face and according to its written terms, unless the owner of such mortgage ***

                    ***

(2) After July 16, 1941, and within such 20 year period ***, files or causes to be filed for record, either (i) an affidavit executed by himself or herself or by some person on his or her behalf, stating the amount or amounts claimed to be unpaid on the indebtedness secured by such mortgage ***; or (ii) an extension agreement executed as hereinafter provided." *Id.* § 13-116(a).

The filing of an affidavit or extension agreement pursuant to the statute "shall extend the lien for a period of 10 years after the date on which such lien would cease" without such a filing, and the mortgagee may file successive affidavits or extension agreements. *Id.* § 13-116(b).

11

¶ 26 Section 13-116 was enacted in 1941 as section 11b of the Limitations Act, and it is substantively unchanged from its initial form. Compare Ill. Rev. Stat. 1941, ch. 83, § 11b, with 735 ILCS 5/13-116 (West 2022). While not cited by either party, we observe that our supreme court thoroughly discussed section 11b—and its relationship with the statute of limitations on mortgage foreclosure actions—in *Livingston v. Meyers*, 6 Ill. 2d 325 (1955), and we find our supreme court's analysis instructive to the issue in the instant appeal.[5]

¶ 27 In *Livingston*, the plaintiff seller and defendant buyer entered into a contract for the sale of two parcels of real property in 1954. *Id.* at 326. Upon receiving the abstract of title, the buyer discovered that there were two trust deeds encumbering the title to the property and refused to complete the sale; the trust deeds at issue had been executed and recorded in 1930 and were given as security for a three-year note. *Id.* at 326-37. The question the supreme court was asked to consider was whether section 11b rendered the trust deeds "null and void and no longer liens upon the premises." *Id.* at 327.

¶ 28 The *Livingston* court observed that the statute of limitations on an action to foreclose a mortgage—or, as applicable, a trust deed—was 10 years. *Id.* at 331 (citing Ill. Rev. Stat. 1953, ch. 83, § 11 (now codified as 735 ILCS 5/13-115)). It, however, also noted that this statute of limitations must be construed with the section applicable to promissory notes, and "a mortgage will not be barred until the debt is barred." *Id.* (citing *Kraft v. Holzmann*, 206 Ill. 548, 549-50 (1903)). The *Livingston* court explained that, under *Kraft*, "the lien of a mortgage, etc., was kept alive as long as the indebtedness secured thereby was continued in

---

[5]While plaintiff cited *Livingston* in its brief on appeal, it was only for the proposition that the statute of limitations for actions on mortgages must be read in connection with the statute of limitations on the debt instrument. Indeed, plaintiff represented that "[t]here is not a single reported decision from *any* court interpreting section [13-116(a)]" (emphasis in original), which, as we explain in our discussion of *Livingston*, is simply inaccurate.

force, without the necessity of any recording of the extension agreement." *Id.* at 331-32. Since there were a number of ways to extend the life of the underlying indebtedness, the result was that many properties were encumbered by trust deeds and mortgages that had not been released, leading to unmerchantable title. *Id.* at 332.

¶ 29    As the *Livingston* court explained, section 11b "was enacted to terminate the lien of a trust deed and mortgage against real estate titles unless the mortgagee preserved his lien within a specified period of time by affirmative action on his part." *Id.* at 333. The supreme court noted that the statute was not "in the ordinary language of a limitation statute whereby 'no action shall be brought unless.' " *Id.* Instead, the statute provided that the lien "shall 'cease by limitation' " unless, within a specified period of time, the lien is preserved by either a recorded extension agreement or affidavit from the mortgagee. *Id.* The supreme court found that "[t]he clearly expressed intent of the legislature in adopting section [11b] was to remedy the condition of the law as it existed with reference to mortgage and trust deed liens and to bar the enforcement of such liens except as they were preserved of record as therein required, without regard to the continued existence of the secured debt." *Id.* It further clarified that "[s]ection [11b] of the Limitations Act does not limit the bringing of an action but in effect limits the length of existence of a property right in the absence of affirmative action." *Id.* at 334.

¶ 30    The *Livingston* court found that section 11b "was effective to terminate the liens of mortgages and trust deeds at the ends of the periods and under the conditions therein specified." *Id.* at 336. Consequently, it ultimately concluded that the liens of the trust deeds at issue "were rendered entirely void by section [11b] of the Limitations Act prior to the time

the plaintiffs and defendant entered into the contract of sale" and therefore did not constitute defects in title. *Id.*

¶ 31      The supreme court's decision in *Livingston* thus makes clear that section 13-116 operates to extinguish a mortgage lien 20 years after the maturity of the debt instrument unless the mortgagee takes affirmative action to extend the lien. It logically follows that section 13-115 (the statute of limitations for mortgage foreclosure actions) does *not* do the same. First, the *Livingston* court specifically distinguished section 11b—now section 13-116—from a statute of limitations. It noted that the statute does not use "the ordinary language of a limitation statute whereby 'no action shall be brought unless' " (*Livingston*, 6 Ill. 2d at 333) and further clarified that "[s]ection [11b] of the Limitations Act does not limit the bringing of an action but in effect limits the length of existence of a property right in the absence of affirmative action" (*id.* at 334). By contrast, section 13-115 is unquestionably a statute of limitations.

¶ 32      We also observe that, in *Livingston*, both the 10-year limitations period in section 11 and the 20-year period in section 11b had expired. See *id.* at 327. Thus, if the expiration of the statute of limitations had extinguished the liens at issue, the supreme court could easily have rested its decision on that basis. Instead, the entirety of the analysis revolved around the effect of section 11b. See *id.* Where our supreme court went to considerable effort to draw a distinction between a statute of limitations and section 11b, we cannot find that interpreting the two statutes to have the same effect would be consistent with the supreme court's guidance.

¶ 33      We do not find persuasive plaintiff's suggestion that section 13-116 merely "create[d] an outer limit beyond when *unrecorded extensions of mortgages* would no longer affect third parties." (Emphasis in original.) While we agree with plaintiff's position that, consistent with

14

the holding in *Livingston*, section 13-116 does not represent a separate statute of limitations for mortgage liens, we nevertheless find the statute to be helpful in interpreting the effect of the statute of limitations on a mortgage lien. We also observe that, in *Livingston*, there were no extensions of the trust deeds—recorded or unrecorded—so plaintiff's suggestion that section 13-116 is only relevant to limit unrecorded extensions of mortgages is unavailing.

¶ 34    As a final matter, we recognize that, in several of the cases cited by plaintiff, courts have used language that arguably supports plaintiff's claim that the mortgage lien is extinguished where the statute of limitations bars enforcement of the note and mortgage. Many of those cases, however, occurred in the context of mortgage foreclosure proceedings, where the question was whether the foreclosure action could proceed, not whether the mortgage lien remained as a valid encumbrance on title. See, *e.g.*, *Richey v. Sinclair*, 167 Ill. 184, 193 (1897); *Lightcap v. Bradley*, 186 Ill. 510, 523 (1900). Indeed, several of these cases were decided when Illinois followed the "title theory" of mortgages, in which a mortgage was considered to be a conveyance of legal estate vesting title to the property in the mortgagee, so the concept of a mortgage as a lien would have been inapplicable.[6] See *Harms v. Sprague*, 105 Ill. 2d 215, 222 (1984) (citing *Lightcap* as an example of a court following the title theory). In addition, those cases were also decided prior to the enactment of section 11b of the Limitations Act, so their continued effect is unclear.

¶ 35    We further observe that plaintiff repeatedly conflates the ability to *enforce* the mortgage or note with the very existence of the underlying obligation and cites cases concerning enforcement. As noted, however, the expiration of the statute of limitations bars the right to

---

[6]Our supreme court adopted the "lien theory" of mortgages in *Kling v. Ghilarducci*, 3 Ill. 2d 454, 460 (1954), finding that execution of a mortgage results in a lien.

sue for recovery but does not extinguish the underlying obligation. See *Fleming*, 379 Ill. at 345-46. Even *Dunas*, a case which plaintiff cites repeatedly, recognizes that principle, despite plaintiff's focus on that case's suggestion that " 'where the debt is paid or barred by the Statute of Limitations, a mortgage being but incident to the debt, is no longer a lien on the property' " (*Dunas*, 41 Ill. App. 2d at 170 (quoting *Markus*, 373 Ill. at 560, *overruled on other grounds by ABN AMRO*, 237 Ill. 2d at 538)). Plaintiff overlooks, however, that the *Dunas* court also immediately thereafter noted that "[t]he running of a statute of limitations bars the remedy for enforcing a debt, but does not extinguish the debt itself." *Id.*

¶ 36    In the case at bar, there is no dispute that defendant does not have the ability to enforce her lien under the Foreclosure Law due to the expiration of the statute of limitations for both the note and the mortgage. We cannot find, however, that the expiration of the statute of limitations also operated to extinguish the mortgage lien altogether. Given that the lien remained a valid encumbrance on title, the circuit court properly granted summary judgment in favor of defendant with respect to plaintiff's action to quiet title. See *Illinois District of American Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063, 1072 (2002) ("A valid interest in property cannot be a cloud on title."). As the issue is not before us on appeal, we express no opinion as to any further remedies or legal actions available to either party, and nothing in our opinion should be construed otherwise.

¶ 37                                         CONCLUSION

¶ 38        The circuit court's grant of summary judgment in favor of defendant is affirmed, where the expiration of the statute of limitations for enforcement of the note and mortgage did not extinguish the lien on plaintiff's property.

¶ 39        Affirmed.

*Chicago Title Land Trust Co. v. Watkin*, 2025 IL App (1st) 241354

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023-CH-05985; the Hon. Allen Price Walker, Judge, presiding. |
| **Attorneys for Appellant:** | Arthur C. Czaja, of Niles, for appellant. |
| **Attorneys for Appellee:** | Robert T. Kuehl, of Kuehl Law, P.C., of St. Charles, for appellee. |