2026 IL App (1st) 250901-U

SECOND DIVISION
March 31, 2026

No. 1-25-0901

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| GEORGE C. NIKOLAOU, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24CH6253 |
| | ) | |
| CITIZENS BANK, N.A., | ) | Honorable |
| | ) | Allen Price Walker, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's dismissal of plaintiff's declaratory judgment action affirmed where claim lacked a legal basis and was barred by judicial estoppel.

¶ 2    Plaintiff, George C. Nikolaou appeals the circuit court's dismissal of his declaratory judgment action against Citizens Bank, N.A., (Bank), in which he sought a declaration that the Bank's lien against property plaintiff owned was "invalid and without legal effect." For the following reasons, we affirm.

¶ 3    The record shows that on July 3, 2024, plaintiff filed a verified complaint for declaratory judgment. Plaintiff stated that he was the owner of property located at 420 Chara Ct in Barlett, Illinois (the subject property), that he obtained a line of credit from the Bank with a credit line up to $94,900 on June 18, 2004, and that the line of credit was secured by a mortgage on the subject property. Plaintiff further asserted that the line of credit matured on June 18, 2009, that no payments had been made in over 10 years, and that "nothing was ever done to change the maturity date or decelerate the loan." Plaintiff asserted that, "[a]s such, the note and mortgage are not enforceable" and that he was seeking a "declaratory judgment that the July 20, 2004 mortgage recorded with the Cook County Recorder of Deeds *** is invalid and without legal effect."

¶ 4    On August 12, 2024, the Bank filed a combined motion to dismiss the complaint pursuant to 735 ILCS 5/2-619.1 (West 2024). The Bank stated that plaintiff appeared to be attempting to raise a claim that the statute of limitations had expired on the mortgage lien, but that plaintiff had provided no legal basis for such a claim. Instead, the Bank asserted that the lien was subject to a 20-year statute of limitations under section 5/13-116 of the Code of Civil Procedure (Code), which provided that the

> "lien of every mortgage *** the due date of which is stated upon the face, or ascertainable from the written terms thereof, *** shall cease by limitation after the expiration of 20 years from the time the last payment on such mortgage *** became or becomes due upon its face and according to its written terms." 735 ILCS 5/13-116 (West 2024).

¶ 5    Accordingly, the Bank stated that, "Given the 10[-] and 15-year time frames Plaintiff mentions in his complaint, it is clear that [the Bank]'s mortgage lien remains viable and enforceable."

¶ 6    The Bank also provided other alternative bases under which it contended that dismissal was appropriate. As relevant to this appeal, the Bank further asserted that plaintiff was "estopped from maintaining his claim" because plaintiff filed for bankruptcy in 2012, and during the bankruptcy proceedings, plaintiff "neither redeemed the subject property nor reaffirmed the debt," and accordingly, he "surrendered the property in the Bankruptcy by operation of law." The Bank contended that because plaintiff "failed to redeem the subject property or reaffirm the mortgage debt, he cannot now seek to invalidate the mortgage, as he is judicially estopped from doing so."

¶ 7    Finally, the Bank also argued that plaintiff's complaint should be dismissed for failure to state a cause of action pursuant to section 2-615. The Bank reiterated that plaintiff had not "specif[ied] a legal theory on which his request to invalidate the mortgage lien is premised" and he had "failed to offer sufficient supporting allegations to properly state a claim."

¶ 8    Plaintiff responded to the Bank's motion to dismiss on October 4, 2024. Plaintiff clarified that he was arguing that the Bank's lien was invalid under section 5/13-115 of the Code, which provides that "No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within 10 years after the right of action or right to make such sale accrues." 735 ILCS 5/13-115 (West 2024). Plaintiff alleged that the Bank's "right to foreclose arose, at the very latest, on June 23, 2009, which was the maturity date of the mortgage." Because the Bank "failed to foreclose within 10 years of June 23, 2009," plaintiff asserted that its lien was "outside of the statute of limitations."

¶ 9    Plaintiff also asserted that he was not estopped from pursuing a declaratory judgment. Plaintiff did not deny that he had surrendered the subject property in bankruptcy, but asserted that

"regardless of whether the Plaintiff surrendered the property in the bankruptcy, the [Bank]'s right to foreclose would have needed to be exercised prior to the running

3

of the ten-year statute of limitations, and since the [Bank] never initiated a foreclosure action, the Plaintiff is not estopped from seeking the appropriate declaratory judgment."

¶ 10    In reply, the Bank explained that the statute of limitations on which plaintiff relied governed the initiation of foreclosure actions, but "Plaintiff's complaint does not seek to assert a statute of limitations defense to a mortgage foreclosure action. Rather, it seeks to invalidate [the] mortgage lien, which is governed by a separate and distinct statute of limitations." The Bank contended that, even if the statute of limitations had run for bringing a foreclosure action, the underlying mortgage lien remained valid under section 5/13-116 of the Code.

¶ 11    The Bank also repeated its claim that judicial estoppel applied to plaintiff's claim based on his prior surrender of the subject property in bankruptcy. The Bank explained that debtors who choose to surrender a property "can no longer contest a foreclosure action," and that statute of limitations is an affirmative defense which can be waived. Accordingly, plaintiff would be "judicially estopped from raising a statute of limitations defense to [the Bank]'s ability to foreclose the subject mortgage, as he abandoned his right to do so when he surrendered the property in his prior bankruptcy."

¶ 12    The trial court held a hearing on November 4, 2024. A copy of the transcript from that hearing does not appear in the record on appeal. Following the hearing, the court entered a written order, granting the Bank's motion, and dismissing plaintiff's complaint with prejudice, finding that the:

"relief requested by Plaintiff (a declaration that [the Bank]'s note and mortgage are unenforceable and invalid and without legal effect) is subject to the 20-year statute of limitations *** in 735 ILCS 5/13-116(a) for mortgage liens, and not the 10-year

statute of limitations for mortgage foreclosure actions in 735 ILCS 5/13-115. The Court also finds that the mortgage lien remains valid and grants the motion to dismiss with prejudice."

¶ 13    On December 3, 2024, plaintiff filed a motion to reconsider, contending that the court erred in finding that section 5/13-116 applied and that the mortgage lien remained valid, because the "lien of a mortgage is extinguished when the right to collect on the underlying note has lapsed." The trial court denied plaintiff's motion to reconsider on April 16, 2025.

¶ 14    Plaintiff filed a timely notice of appeal on May 12, 2025.

¶ 15    In this court, plaintiff contends that the trial court erred in dismissing his complaint for declaratory judgment. He alleges that the trial court wrongly held that section 5/13-116 "creates a 20[-]year statute of limitations to foreclose that supersedes [section] 5/13-115." He states that the term "statute of limitations" appears nowhere in section 5/13-116(a), and there is nothing within the statute that indicates that this statute creates a new or separate statute of limitations to foreclose a mortgage lien. Plaintiff also contends that the trial court's interpretation creates a "conflict" between sections 5/13-115 and 5/13-116, and "violates the presumption against statutory conflicts." Finally, plaintiff also alleges that his debt was "completely discharged in bankruptcy on June 4, 2013" and that the Bank "has no basis to enforce the mortgage that secured that debt now that the Statute of Limitations to foreclose the mortgage has expired."

¶ 16    In this case, the trial court granted the Bank's combined motion to dismiss pursuant to section 2-619.1. Section 2-619.1 of the Code permits a party to file a combined motion under sections 2-615 and 2-619. 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2024). Motions to dismiss brought pursuant to section 2-615 attack the sufficiency of the complaint (*id.* § 2-615), while motions to dismiss brought pursuant to section 2-619 assert some other affirmative matter outside

the pleading that operates to defeat the claim (*id*. § 2-619). A motion to dismiss granted pursuant to section 2-619.1 is reviewed *de novo*. *Kennedy v. City of Chicago*, 2022 IL App (1st) 210492, ¶ 16. "[W]e review the judgment, not the reasoning, of the trial court, and we may affirm on any grounds in the record." *Colon v. Illinois Central Railroad Co.*, 2024 IL App (1st) 221841, ¶ 28; see also *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 17 ("we may affirm the judgment on any basis in the record, regardless of the trial court's reasoning.")

¶ 17    The two statutes at issue here are sections 5/13-115 and 5/13-116 of the Code. Section 5/13-115 provides that "[n]o person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within 10 years after the right of action or right to make such sale accrues." 735 ILCS 5/13-115 (West 2024).

¶ 18    In comparison, section 5/13-116 provides that the:

> "lien of every mortgage *** the due date of which is stated upon the face, or ascertainable from the written terms thereof, *** shall cease by limitation after the expiration of 20 years from the time the last payment on such mortgage *** became or becomes due upon its face and according to its written terms, unless the owner of such mortgage
>
> ***
>
> (2) *** within such 20 year period *** files or causes to be filed for record, either (i) an affidavit executed by himself or herself or by some person on his or her behalf, stating the amount or amounts claimed to be unpaid on the indebtedness secured by such mortgage ***; or (ii) an extension agreement executed as hereinafter provided." 735 ILCS 5/13-116 (West 2024).

¶ 19    Plaintiff contends that the trial court interpreted section 5/13-116 as creating a new statute

of limitations for foreclosure actions which "supersedes," and conflicts with, section 5/13-115. He contends that the lien expired when the debt became unenforceable under section 5/13-115, and that section 5/13-116 "does not say that liens must exist for 20 years, or that they cannot expire earlier. Instead, it establishes an outer limit—liens will expire by operation of law after 20 years if they have not already been extinguished."

¶ 20     The Bank responds, agreeing that section 5/13-116 does not "create a new statute of limitations to foreclose." Rather, the Bank contends that sections 5/13-115 and 5/13-116 "address different issues entirely. 735 ILCS 5/13-115 provides for a limitations period with respect to bringing a foreclosure action. Contrarily, section [5/]13-116 provides a limitation on the underlying property interest derived from a mortgage."

¶ 21     The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 279 (2003). The best indication of the legislature's intent is the language in the statute, which must be given its plain and ordinary meaning. *Id.* Where the statutory language is clear and unambiguous, this court will apply the statute as written without resort to extrinsic interpretive aids. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). When interpreting a statute, a court may not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the clear legislative intent. *Palm v. Holocker*, 2018 IL 123152, ¶ 21. Nor may a court read a statute in a way that renders any part superfluous or meaningless. *Id.* Rather, it should read the statute as a whole and give effect to every word, clause, and sentence. *Id.*

¶ 22     First, we do not read the trial court's order to create a new statute of limitations for foreclosure actions based on section 5/13-116 that "supersedes" the statute of limitations in section 5/13-115. Rather, the trial court recognized, as Illinois courts have done for "over 130 years," that

there is a distinction between a foreclosure action being time barred and the underlying debt being extinguished. See *Boatmen's Bank of Mount Vernon v. Dowell*, 208 Ill. App. 3d 994, 1002 (1991); *Keener v. Crull*, 19 Ill. 189, 191 (1857) ("The statute bars the action, and all remedy for recovery of the debt; and, when the bar is complete, the statute being interposed in defense, no action for the recovery of the debt can be maintained. The debt, however, is not annihilated, and remains the same as before, excepting that all remedy for enforcement of the obligation is gone."); *Dunas v. Metropolitan Trust Co.*, 41 Ill. App. 2d 167, 170 (1963) ("The running of a statute of limitations bars the remedy for enforcing a debt, but does not extinguish the debt itself.").

¶ 23    We agree with the Bank that sections 5/13-115 and 5/13-116 apply to different issues, and that plaintiff's proposed interpretation—that  a mortgage lien is "extinguished when the underlying debt bec[omes] legally unenforceable" under section 5/13-115—is irreconcilable with the plain language of both sections.

¶ 24    The plain language of section 5/13-115 provides that a person may not "commence an action *** to foreclose any mortgage" after 10 years from the time when "the right of action *** accrues." This language applies by its terms to when an action for foreclosure may be brought, but it does not provide that the underlying debt is extinguished. Indeed, it does not reference mortgage liens at all.

¶ 25    Instead, mortgage liens are referenced in section 5/13-116, which provides that the "lien of every mortgage *** shall cease by limitation after the expiration of 20 years from the time the last payment on such mortgage *** became or becomes due." That statute also provides two ways in which a lien may continue for an additional 10 years beyond the 20-year period, namely when the mortgage owner files "an affidavit *** stating the amount or amounts claimed to be unpaid on the indebtedness secured by such mortgage" or "an extension agreement" which is "executed and

8

acknowledged between the owner of the mortgage *** and by *** the then owners of the real estate." 735 ILCS 5/13-116(b) (West 2024).

¶ 26    If, as plaintiff contends, a mortgage lien becomes invalid and expires by operation of law after 10 years pursuant to section 5/13-115, section 5/13-116 would become meaningless. See *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 897 (2005), as modified on denial of reh'g (May 4, 2005) ("We will not adopt an interpretation of a statute that renders another statute completely meaningless."). There would be no remaining mortgage lien to "cease by limitation" after 20 years. Moreover, the legislature would not have provided a way to extend a lien's expiration beyond 20 years if it were clear that no lien would remain after 10 years. In other words, if section 5/13-115 governed the validity of mortgage liens, it would not have been necessary for the legislature to enact section 5/13-116.

¶ 27    This court has recently considered a similar challenge in *Chicago Title Land Trust Co. v. Watkin*, 2025 IL App (1st) 241354, *appeal allowed*, No. 132383 (Jan. 28, 2026). In *Watkin*, a mortgagor filed an action against her mortgagee to quiet title, based on the mortgagor's contention that the statute of limitations for foreclosing on the debt had expired. *Id.* at ¶ 5. The trial court entered summary judgment for the mortgagee, and mortgagor appealed. This court rejected the mortgagor's contention that "the inability of [the mortgagee] to enforce [its] rights under the mortgage results in the extinguishment of the lien altogether." *Id.* at ¶ 21. The Court recognized that there was "no dispute that the statute of limitations on the note and the mortgage have expired, meaning that [the mortgagee] lacks the ability to pursue an action to foreclose the mortgage under the Foreclosure Law." *Id.* It explained, however, that the

> "question in this case *** is not whether an action on the mortgage is procedurally barred—there is no dispute that it is—but instead whether the inability to enforce

9

the mortgage lien operates to extinguish the lien. We agree with the circuit court that it does not and that the mortgage lien in this case remained a valid encumbrance on title such that the circuit court properly granted defendant summary judgment with respect to plaintiff's quiet title action." *Id.* at ¶ 22.

¶ 28 The court noted that "the expiration of a statute of limitations operates to bar the availability of a remedy but does not affect the substantive right at issue—while it bars the right to sue for recovery, it does not extinguish the underlying obligation." *Id.* at ¶ 23. Accordingly, the court observed that there are some situations, including when a mortgagor later promises to pay the time barred debt, when such debt may be revived. *Id.* Additionally, the court noted that there are situations in which a mortgagor may waive or forfeit a challenge based on the statute of limitations, which "highlight that a statute of limitations is intended to be a procedural bar, not a substantive discharge of an underlying property interest." *Id.* at ¶ 24. It explained:

> "the expiration of a statute of limitations does not automatically terminate a potential cause of action upon the passage of a certain period of time. Instead, the statute of limitations is an affirmative defense, which must be raised in response to an allegedly time-barred claim. In other words, the statute of limitations comes into play only when it is raised by the party attempting to avail itself of the defense; if not raised, it is forfeited." *Id.*

¶ 29 The court thus concluded that, although the mortgagee did not have "the ability to enforce the lien under the Foreclosure Law due to the expiration of the statute of limitations for both the note and the mortgage," that did not mean that the "expiration of the statute of limitations also operated to extinguish the mortgage lien altogether. Given that the lien remained a valid encumbrance on title, the circuit court properly granted summary judgment in favor of [the

mortgagee] with respect to [the mortgagor]'s action to quiet title." *Id.* at ¶ 36.

¶ 30    The *Watkin* court also explained that section 5/13-116 was originally enacted in 1941 as section 11b of the Limitations Act (Ill. Rev. Stat. 1941, ch. 83, § 11b), and that section was "thoroughly discussed" by our supreme court in *Livingston v. Meyers*, 6 Ill. 2d 325 (1955). *Id.* at ¶ 26.  In *Livingston*, the supreme court observed that, although the statute of limitations on an action to foreclose a mortgage was 10 years, there were "a number of ways to extend the life of the underlying indebtedness," which led to many properties being encumbered by old, unreleased liens. *Id.* at ¶ 28 (citing *Livingston*, 6 Ill. 2d at 332).

¶ 31    To address this, the legislature enacted section 11b, which automatically terminated a mortgage lien after a specified period, 20 years after maturity, unless the mortgagee took certain affirmative action to preserve it through a recorded extension or affidavit. *Id.* at ¶ 29 (citing *Livingston*, 6 Ill. 2d at 333). Unlike a typical statute of limitations, the statute does not limit the time to file a lawsuit; instead, it extinguishes the lien itself when no such affirmative action has been taken. *Id.* at ¶ 29 (citing *Livingston*, 6 Ill. 2d at 333).

¶ 32    Based on *Livingston*, the *Watkin* court explained that section 11b, now codified as section 5/13-116, "operates to extinguish a mortgage lien 20 years after the maturity of the debt instrument unless the mortgagee takes affirmative action to extend the lien. It logically follows that section 13-115 (the statute of limitations for mortgage foreclosure actions) does *not* do the same." (Emphasis in original). *Id.*, ¶ 31.

¶ 33    Similarly here, we conclude that, even if the statute of limitations has run on the Bank's ability to enforce the mortgage under foreclosure law, it does not follow that the debt has been extinguished or that the lien is invalid. *Id.*; see also *Sims v. Deutsche Bank National Trust Co. as Tr. for GSAMP Tr. 2005-HE4, Mortg. Pass-Through Certificates, Series 2005-HE4*, 2025 IL App

(1st) 241112-U, ¶ 26 (Although "enforcement of the 2010 default is barred by the statute of limitations, *** the underlying note is not extinguished."). As set forth above, a mortgage lien does not "cease by limitation" under section 5/13-116, until "after the expiration of 20 years from the time the last payment on such mortgage *** became or becomes due." Moreover, the 20-year period may be extended for another 10 years if the mortgage owner files an affidavit or extension agreement as provided in the statute. 735 ILCS 5/13-116(b) (West 2024). Here, plaintiff's loan matured in 2009, and, accordingly, the 20-year period when a mortgage lien "cease[s] by limitation" has not yet occurred. In these circumstances, the trial court properly dismissed plaintiff's declaratory judgment action based on its conclusion that the Bank's lien remains a valid encumbrance under section 5/13-116.

¶ 34    In plaintiff's reply brief, he notes that *Watkin* is currently pending before the supreme court and he asserts that it was wrongly decided. He contends, however, that even if *Watkin* is upheld, plaintiff's case is distinguishable from *Watkin* because plaintiff's underlying debt was discharged in his 2013 bankruptcy.

¶ 35    We agree with plaintiff that his 2013 bankruptcy is a significant factor which was not at issue in *Watkin*. However, rather than suggesting that this case should be decided differently than *Watkin*, the discharge of plaintiff's underlying debt in bankruptcy provides an alternative basis supporting the dismissal of plaintiff's action against the Bank—that the action is barred by judicial estoppel. Even if *Watkin* is ultimately reversed, we would still find that plaintiff's declaratory judgment action was properly dismissed on this alternative basis, as discussed below.

¶ 36    Here, the Bank contends that under the doctrine of judicial estoppel, the trial court properly dismissed plaintiff's declaratory judgment action because he surrendered the subject property in bankruptcy. The Bank asserts that plaintiff "obtained relief [in the bankruptcy proceeding] when

he received his bankruptcy discharge without redemption or surrender," and he cannot now challenge the validity of the Bank's lien. As this court previously explained, we may affirm the circuit court's dismissal of plaintiff's action for any reason supported by the record, regardless of whether the trial court relied on that basis. *Colon*, 2024 IL App (1st) 221841, ¶ 28.

¶ 37    Plaintiff did not address this argument in his initial brief. In his reply brief, plaintiff briefly contends that the doctrine of judicial estoppel is "inapplicable" and "premised on a fundamental misunderstanding of the Plaintiff['s] *** 2013 Chapter 7 bankruptcy discharge." Plaintiff does not, however, cite any authority, set out the elements for judicial estoppel, or analyze their applicability. See *First National Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 207 (2007) ("Mere contentions, without argument or citation of authority, do not merit consideration on appeal and are waived.").

¶ 38    The doctrine of judicial estoppel applies in a judicial proceeding when litigants take a position, benefit from that position, and then seek to take a contrary position in a later proceeding. *Barack Ferrazzano Kirschbaum Perlman & Nagelberg v. Loffredi*, 342 Ill. App. 3d 453, 460 (2003). "The principle is that if you prevail in Suit # 1 by representing that A is true, you are stuck with A in all later litigation growing out of the same events." *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1547 (7th Cir. 1990). The purpose of judicial estoppel is to promote truth-seeking in the courts, rather than gamesmanship; its aim is to protect the integrity of the judicial system, not necessarily the litigants. *Barack Ferrazzano*, 342 Ill. App. 3d at 460.

¶ 39    Generally, five requirements must be shown to apply judicial estoppel. The party to be estopped must have (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial proceedings, (4) with the intent that the trier of fact accept the facts

13

alleged as true, and (5) have succeeded in the first proceeding and received some benefit from it. *Id*. A party seeking to establish judicial estoppel must prove each requirement by clear and convincing evidence. *Boelkes v. Harlem Consolidated School District No. 122,* 363 Ill. App. 3d 551, 554 (2006) (citing *Geddes v. Mill Creek Country Club, Inc.,* 196 Ill. 2d 302, 314 (2001)).

¶ 40 Based on our review of the record, judicial estoppel precludes plaintiff from challenging the validity of the Bank's lien in this case. Although the record contains limited information regarding plaintiff's bankruptcy, he has acknowledged that he did in fact file for bankruptcy, and that the bankruptcy was final in June of 2013. Plaintiff has not denied, in either the trial court or this court, the Bank's contention that plaintiff surrendered the subject property during those bankruptcy proceedings.

¶ 41 When a debtor has previously surrendered a property in bankruptcy, their interest in the property is "nullified," and they are precluded from challenging a foreclosure action, even if that action is "allegedly invalid." *Bank of New York Mellon as Trustee for Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-4 v. Rodriguez*, 2020 IL App (2d) 190143, ¶¶ 16, 22 (a debtor's "position in bankruptcy and the benefit of the discharge effectively served to preclude their pursuit of relief from judgment in the foreclosure."); *In re Failla*, 838 F.3d 1170, 1177 (11th Cir. 2016) ("Because 'surrender' means 'giving up of a right or claim,' debtors who surrender their property can no longer contest a foreclosure action."). This court has explained that, "having chosen to surrender, the debtor must drop opposition to the creditor's foreclosure action," and any argument that a debtor could assert injury from an allegedly invalid foreclosure "defies logic." *Rodriguez*, 2020 IL App (2d) 190143, ¶¶ 19, 21.

¶ 42 In this case and in the prior bankruptcy, plaintiff has taken two factually inconsistent positions. Plaintiff's declaratory judgment claim necessarily rests on the position that he maintains

interest in the subject property that must be protected against the Bank's interest. By contrast, in the bankruptcy proceedings, plaintiff surrendered the subject property, disclaiming any interest in it. By surrendering his interest in the subject property, plaintiff clearly intended that the trier of fact accept his position in order to "obtain[ ] a discharge in bankruptcy on the mortgage debt," and plaintiff acknowledges that he actually received such benefit. In the circumstances here, plaintiff necessarily gave up his ability to challenge a foreclosure action by surrendering the subject property in bankruptcy, and accordingly, he would be barred from asserting an affirmative defense to a foreclosure action based on the statute of limitations. We thus conclude that plaintiff's declaratory judgment claim is also barred by judicial estoppel. See *Rodriguez*, 2020 IL App (2d) 190143, ¶ 17 (Affirming dismissal on estoppel principles when the debtors' "position in bankruptcy and the benefit of the discharge effectively served to preclude their pursuit of relief from judgment in the foreclosure.").

¶ 43    For the foregoing reasons, we affirm the trial court's dismissal of plaintiff's declaratory judgment action.

¶ 44    Affirmed.